# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40431
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

OMAR RAMIREZ-LOPEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-557

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A jury found Omar Ramirez-Lopez guilty of illegal reentry after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40431

deportation.  At trial, Ramirez-Lopez sought to establish that he acted under duress, testifying that he crossed into the United States because he was being pursued by men from Mexico who were threatening him and that he believed they would kill him.  Ramirez-Lopez sought to inform the jury of statements made by his pursuers; the government successfully objected to the statements as hearsay.  Ramirez-Lopez's counsel neither informed the court of the purpose for which the statements were offered nor objected to the exclusion of Ramirez-Lopez's testimony regarding them.  Ramirez-Lopez contends that the exclusion of his testimony regarding the threatening statements is reversible error.

Where a ruling excludes evidence, Rule 103(a)(2) of the Federal Rules of Evidence requires the aggrieved party to inform the court of the substance of the evidence by an offer of proof unless the substance was apparent from the context.  No formal offer of proof is required, but "the party must at least inform the trial court what counsel intends to show by the evidence and why it should be admitted." *United States v. Clements*, 73 F.3d 1330, 1336 (5th Cir. 1996).  Failure to make a proffer precludes appellate review.  *Id.*  Because Ramirez-Lopez's counsel failed to inform the court that he was offering the statements for a permissible, non-hearsay purpose, Ramirez-Lopez did not preserve the issue for review.  *See United States v. John*, 597 F.3d 263, 276-77 (5th Cir. 2010); *United States v. Winkle*, 587 F.2d 705, 710 (5th Cir. 1979).

Finally, to the extent that Ramirez-Lopez attempts to maintain that the exclusion of his testimony abridged his right to present a complete defense and violated due process, that argument is without merit, because he failed "to comply with established rules of procedure and evidence."  *John*, 597 F.3d at 276–77.

AFFIRMED.

2